[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Leonardo Malave, a resident of the defendant City of Meriden (City), appeals the decision of the city and the defendant Commissioner of Income Maintenance which denied him general assistance benefits for the period March 1 to March 18, 1992. The parties agree that the amount. in controversy is approximately $183.
Certain facts are essentially undisputed. The plaintiff applied for general assistance benefits at the city's office on March 10, 1992. He does not speak, read or write English. During the course of an interview with a Spanish speaking city case worker, the plaintiff became angry and frustrated concerning the amount of benefits that the case worker had calculated as due him. The case worker interpreted the plaintiff's attitude as a "withdrawal" of his application for benefits and got him to sign a "Notice of Action", in English, to that effect. Subsequently, the plaintiff made a new application, benefits were recalculated, and the city began paying him commencing March 19, 1992. There is no question that he was eligible for benefits from March 1 to March 18; the city and the Commissioner take the position, however, that the plaintiff's purported "withdrawal" of his application relieves the city of the obligation to pay him.
Regulations of the Department of Income Maintenance, which are binding on the city, require case workers to inform applicants of their rights, including the right to a hearing concerning the amount of benefits. The regulations also require case workers to, read the completed "Notice of Action" to any applicant whom they know to be illiterate. CT Page 3247
The court has carefully examined the entire record in this case, including the transcript of the hearing. On the basis of this review, the court concludes that there was insufficient evidence to support the Commissioner's finding that the city complied with the regulations governing the completion of the "Notice of Action" form. The court also concludes that the plaintiff was substantially prejudiced by the city's failure in this regard. In particular, the City's failure adequately to inform the plaintiff of the meaning of the "Notice of Action", and the consequences of his signing it, effectively deprived him of benefits which even the city concedes it owed him.
This court's conclusions as set forth above require that the case be remanded to the city so that the plaintiff may pursue his application for benefits for the period March 1, 1992 through March 18, 1992, in accordance with applicable statutes and regulations.
The plaintiff's appeal is sustained, and the case is remanded to the city for further proceedings.
Maloney, J.